United States District Court
Southern District of Texas
**ENTERED**
November 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MTHOKOZISI AUBREY MLOTSHWA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05095 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Mthokozisi Aubrey Mlotshwa, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Petitioner has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that on June 6, 2026, the petitioner was granted a bond hearing under 8 U.S.C. § 1226 and was found to be a flight risk and a danger

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

to the community. *See* Doc. No. 1 at 40 (Exhibit F). The Court lacks jurisdiction to review the decision of the IJ regarding the finding that the petitioner is a flight risk or a danger to the community. "No court may set aside any action or decision . . . under this section regarding . . . the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Courts therefore have no jurisdiction to consider a discretionary decision to deny release on bond. *See Bustamante v. Mukasey*, 286 F. App'x 239, 240 (5th Cir. 2008); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025).

In addition, to the extent that the petitioner also argues that his continued detention violates due process, his claims are foreclosed by *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*).

Accordingly, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
2. Petitioner's pending motions (Doc. Nos. 4, 5, 6, & 7) are **DENIED**.
3. All other pending motions, if any, are **DENIED as MOOT**.
4. This case is **DISMISSED**.

SIGNED this 23rd day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE